IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE SAM BIVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-074 |
| | ) | |
| CERT. OFFICER SCOTT and CERT. OFFICER KLEMONS, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Baldwin State Prison ("BSP") in Hardwick, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Johnson State Prison ("JSP") in Wrightsville, Georgia. (Doc. no. 1.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

**I.   BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it

is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

## II.    DISCUSSION

### A.    Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes:  (1) Bivins v. Dereisbail, No. 13-14561 (11th Cir. Mar. 13, 2014) (dismissing appeal as frivolous); (2) Bivins v. Woods, 1:12-CV-162-WLS (M.D. Ga. Nov. 5, 2012) (dismissed for failure to state a claim); and (3) Bivins v. Concept, Inc., 7:95-CV-612 (N.D. Ala. June. 8, 1995) (dismissed as frivolous); see also Bivins v. Scott, 3:19-CV-059 (S.D. Ga. Sept. 17, 2019) (finding Plaintiff has three strikes under § 1915(g) and did not satisfy imminent danger exception); Bivins v. Carswell, CV 318-086 (S.D. Ga. Feb. 14, 2019) (finding Plaintiff has three strikes under § 1915(g) and did not satisfy imminent danger exception); Bivins v. Kellogg, 1:18-CV-0148 (M.D. Ga. Dec. 10, 2018) (finding Plaintiff has three strikes under § 1915(g) but satisfied imminent danger

2

exception). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

"[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In order to come within the imminent danger exception based on failure to treat a serious medical need, a prisoner must allege a "'total withdrawal of treatment for [his] serious diseases . . . .'" Mitchell, 873 F.3d at 874 (quoting Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).

Plaintiff alleges the same facts as he did in a previous complaint this Court dismissed without prejudice for three strikes under § 1915(g). See Bivins v. Scott, CV 319-059, doc. no. 6 (S.D. Ga. Sept. 17, 2019). Again, Plaintiff's allegations do not establish he faces an "imminent danger of serious physical injury." Mitchell, 873 F.3d at 874. Plaintiff asserts he was attacked and beaten by Defendants on May 20, 2019 and has suffered multiple injuries to different areas of his body, including paralysis waist down while laying on a bed. (Doc. no. 1, pp. 8-18.) Plaintiff does not argue he is continuously beaten or threatened by Defendants to this day. Nor can he because Plaintiff was transferred to a different prison. Because an allegation of past risk of serious physical injury is insufficient to satisfy the imminent danger exception, Plaintiff does not satisfy the imminent danger exception. Medberry, 185 F.3d at 1193.

In addition to the facts alleged in CV 319-059, Plaintiff also now alleges he meets the imminent danger exception because BSP failed to provide medical care for the injuries sustained as a result of the May 20, 2019 alleged beating. (Id. at 116.) Plaintiff asserts BSP failed to treat his injuries with evil intent and he still has not received the M.R.I. ordered by a physician at JSP prior to his transfer to BSP. (Id. at 15.) Plaintiff has not asserted any claims against BSP officials, and any such claims should be brought in the Middle District of Georgia. Accordingly, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 21st day of October, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4